UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  20-CV-2038 |
| | ) |
| NANCY S. FAHEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants' motion for judgment on the pleadings.

Defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants argue that they are entitled to judgment on the pleadings because Plaintiff filed this lawsuit beyond the applicable statute of limitations period. Defendants note that Plaintiff alleged in his Amended Complaint that they exerted excessive force against him on January 9, 2018, but Plaintiff did not file this suit until February 2020. Because the applicable statute of limitations period is two years, Defendants argue that this case was filed untimely and that the Court should dismiss it.

Despite being sent a notice from the Court informing him of his obligation to respond to Defendants' motion for judgment on the pleadings, Plaintiff has not filed a timely response. Instead, Plaintiff has filed a motion for leave to file an amended complaint.

1

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015)(quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014)). As such, "the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *Id.* (citing *Fortres Grand Corp. v. Warner Bros. Entertainment, Inc.*, 763 F.3d 696, 700 (7th Cir. 2014)). "A plaintiff's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Yeadon Fabric Domes, LLC v. Roberts Environmental Control Corp.*, 2016 WL 3940098, * 1 (N.D. Ill. July 21, 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Put differently, "a 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)); *RSUI Indem. Co. v. WorldWide Wagering, Inc.*, 2017 WL 3023748, * 4 (N.D. Ill. July 17, 2017).

Courts may also consider documents attached to the pleadings as long as the documents are referred to in the complaint and central to the plaintiff's claims. *Purnell v. McCarthy*, 2017 WL 478301, * 1 (N.D. Ill. Feb. 6, 2017). "All reasonable inferences are drawn in favor of the non-movant." *Id.* (citing *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015)). Ultimately, a court will grant a motion for judgment on the pleadings only if "no genuine issues of material fact remain to be resolved and . . . the [moving party] is entitled to judgment as a matter of law." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 2012).

In the instant case, Defendants are entitled to the judgment that they seek. In actions filed pursuant to 42 U.S.C. § 1983, federal courts look to the statute of limitations for personal injury actions in the State where the injury occurred. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Plaintiff has alleged that the injury occurred in Illinois.

Illinois personal injury actions are subject to a two-year statute of limitations. 725 ILCS 5/13-202 (West 2020). The accrual of claims is governed by federal law. *Savory*, 469 F.3d at 672. A claim for excessive force accrues at the time of the alleged injury. *Swan v. Fair*, 2017 WL 59077, * 2 (C.D. Ill. Jan. 5, 2017).

Here, Plaintiff alleged in his Amended Complaint that Defendants exerted excessive force against him on January 9, 2018. However, Plaintiff did not file his Original Complaint until, at the earliest, February 15, 2020.[1] As such, Plaintiff filed this case over a month past the deadline, and he has offered no reason why the two-year statute of limitations period should be tolled.

As for Plaintiff's motion for leave to file a second amended complaint, his motion is denied. Plaintiff continues to allege that the assault against him occurred on January 9, 2018, which, as explained above, makes this case untimely.

The only allegations of wrongs committed against him within the two-year statute of limitations period is Plaintiff's claim that no one would prosecute Defendants for their assault. But as the Court previously explained to Plaintiff, he does not have a

---

[1] Plaintiff signed his Original Complaint using the date February 15, 2020. Prison officials submitted Plaintiff's Original Complaint to the Court on February 20, 2020, and the Court docketed this case as of that day.

right to institute criminal proceedings against anyone. Therefore, Plaintiff's attempt to do so here fails to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to file an amended complaint [24] is **DENIED.**

2. **Defendants' motion for judgment on the pleadings [20] is GRANTED. Accordingly, the Clerk of the Court is directed to enter judgment in all Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

3. **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

4. **If Plaintiff wishes to proceed** *in forma pauperis* **on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c);** *Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 3rd day of August, 2020

                                          /s Colin S. Bruce
                                            COLIN S. BRUCE
                                    UNITED STATES DISTRICT JUDGE